United States District Court
Central District of California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
MAY 7, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Esmerlada Lara,

    Plaintiff,

v.

Lazer Spot, Inc., et al.,

    Defendant.

5:19-cv-00463-VAP-SPx

**Order DENYING Plaintiff's Motion to Remand (Doc. No. 16)**

Before the Court is a Motion to Remand filed by Plaintiff Esmerlada Lara ("Plaintiff"). (Doc. No. 16, "Motion"). After considering all papers filed in support of, and in opposition to, the Motion, and the arguments put forth at the hearing, the Court DENIES Plaintiff's Motion to Remand.

### I. BACKGROUND

On February 6, 2019, Plaintiff filed her initial complaint in the Superior Court of the State of California, County of San Bernardino, against Defendant Lazer Spot, Inc. ("Defendant") alleging ten claims under the California Labor Code and an eleventh claim for unfair business practices. (Doc. No. 1-1, Ex. 1).

Defendant removed the case on March 13, 2019, claiming that a demand letter sent by Plaintiff demonstrates the amount in controversy exceeds $75,000 and the parties are diverse. (Doc. No. 1). The demand

letter was in connection with a different case filed by Plaintiff regarding the same facts and alleging the same claims with an additional claim under the California Private Attorney General Act ("PAGA"), which is not alleged in this case. (Doc. No. 1-1, Ex. 3). The demand letter valued Plaintiff's earlier case at $111,936, including $51,750 for PAGA penalties. (*Id.* at 56).

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have subject matter jurisdiction through "diversity" jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and each plaintiff is diverse from each defendant. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 377 (9th Cir. 1997). When a complaint does not identify damages with

specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied. *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398, 404 (9th Cir. 1996).

### III. DISCUSSION

Plaintiff argues that the demand letter cannot form the basis for removal because once the PAGA penalties are removed from the total damages calculations, the amount in controversy is below the jurisdictional requirement. (Doc. No. 16). Defendant has demonstrated, however, that it is more likely than not that the amount in controversy is satisfied.

Plaintiff's demand letter estimated damages for each claim, based on her specific salary, how long she worked for Defendant, and how often the alleged wage-and-hour violation occurred. (Doc. No. 1-1). Removing the letter's $51,750 in PAGA penalties, Plaintiff valued her claims at $60,186. (*Id.*).

The Ninth Circuit recently held that future attorneys' fees are to be included when determining the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018). Here, Defendant argues that the Court should adopt the estimated amount of attorneys' fees as $30,000 because other courts in other wage-and-hour cases have adopted that amount. (Doc. No. 17, at 3, collecting cases). While the Court declines to adopt a per se rule that attorneys' fees in single-plaintiff wage-and-hour cases amount to $30,000, Defendant has met its

3

burden in demonstrating that it is more likely than not that attorneys' fees in this case will be at least $15,000 to meet the jurisdictional requirement.

### IV. CONCLUSION

The Court therefore DENIES the Motion to Remand.

**IT IS SO ORDERED.**

Dated: 5/7/19

Virginia A. Phillips
Chief United States District Judge